Luis E. GODINEZ, et al., Plaintiffs—Appellants,

v.

CBS CORPORATION, et al., Defendants—Appellees.

No. 02–56148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Nov. 21, 2003.

Peter M. Appleton, Esq., Salem, OR, for Plaintiffs–Appellants.

Morgan E. Dash, Jr., Esq., Steven D. Spencer, Morgan, Lewis & Bockius, LLP, Philadelphia, PA, for Defendants–Appellees.

Before: REINHARDT, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Luis Godinez and the other Appellants failed to submit probative evidence that CBS Corporation violated either the Employee Retirement Income Security Act of 1974 ("ERISA") or the Age Discrimination in Employment Act ("ADEA").

1. Appellants' ERISA fiduciary claim fails because ERISA's fiduciary duty provisions are not implicated where the employer, acting as the Retirement Plan's settlor, changes the form or structure of the Plan. *See Bins v. Exxon Co.,* 220 F.3d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**950**

1042, 1047 (9th Cir.2000) (holding that an employer does not act as a fiduciary when it chooses to alter its retirement plan).

2. Appellants' claim under 29 U.S.C. § 1054(g) fails because Appellants did not put forth any substantive evidence to show a decrease in their benefit accruals. As CBS carried its burden of production on summary judgment, Appellants were required to present specific evidence in response. *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir.2001). The closest Appellants came to offering evidence of a decline in their accrual rate was their experts' promise that future study and analysis of the Cash Balance Plan would establish that the Appellants' pensions would have been larger had CBS continued the Traditional Pension Plan. However, no calculations were provided to the court, and Appellants' conclusory assertions are insufficient to defeat summary judgment. *See id.* (recognizing that conclusory affidavits are insufficient to defeat summary judgment). Therefore, the district court did not err in granting summary judgment in favor of CBS on Appellants' claim for decrease of accrued benefits under ERISA.

3. Appellants' ADEA claim fails because they failed to produce any evidence that conversion to the Cash Balance Plan disproportionately impacted older employees. *See Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 836 (9th Cir.2000) (discussing disparate impact theory of age discrimination). Having failed to do so, Appellants raised no genuine issue of material fact. *See Far Out Productions*, 247 F.3d at 997. Additionally, Appellants expressly waived any reverse age discrimination claim in their opening brief. *See Balser v. Dep't. of Justice*, 327 F.3d 903, 911 (9th Cir.2003) (noting that issues not addressed in the opening brief are typically deemed waived).

4. The district court acted within its discretion when it denied Appellants' motion for relief from the pretrial scheduling order. Appellants did not diligently conduct discovery, and no good cause was shown to warrant modification of the scheduling order. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002).

**AFFIRMED.**